[No. A062104. First Dist., Div. Three. Jan. 31, 1994.]

CLOY McDANIEL, Plaintiff and Respondent, v.
DEPARTMENT OF MOTOR VEHICLES, Defendant and Appellant.

**COUNSEL**

Daniel E. Lungren, Attorney General, Henry G. Ullerich, Assistant Attorney General, Jose R. Guerrero and Kim M. Settles, Deputy Attorneys General, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## OPINION

CHIN, J.—The Department of Motor Vehicles (DMV) appeals from an order granting the petition of respondent Cloy McDaniel for writ of mandate. In 1987, the DMV revoked McDaniel's driver's license for four years pursuant to Vehicle Code section 13352, subdivision (a)(7),[1] which requires license revocation upon a fourth drunk driving conviction. In the petition, McDaniel sought an order requiring the DMV to consider and accept his application for reinstatement of his driver's license. The order from which the DMV now appeals grants the petition on condition that McDaniel enroll in a one-year program as section 13352, subdivision (a)(7), prescribed in 1987. On appeal, the DMV contends that the trial court erred in granting the writ because McDaniel did not satisfy the statutory requirements for reinstatement. We agree. Therefore, we reverse.

### FACTUAL AND PROCEDURAL BACKGROUND

On October 13, 1987, McDaniel pleaded guilty to a charge under section 23152, subdivision (a), of driving under the influence of alcohol. He also admitted that he had suffered two prior convictions for driving under the influence of alcohol. Pursuant to a plea bargain, the court suspended imposition of sentence and placed McDaniel on probation, with the condition that he serve time in county jail. The court gave McDaniel the option of serving the jail time in a residential alcohol treatment program, and ordered that he would receive one day of jail-time credit for every day he spent in a program. According to the prosecutor, the parties had stipulated that McDaniel would enter the Golden Gate Residential Alcohol Treatment Program for one year. The court also suspended McDaniel's driving privilege for three years.

The DMV subsequently informed McDaniel by letter dated December 16, 1987, that, effective October 13, 1987, it had revoked his driving privilege for four years. The DMV letter explained that it was acting "UNDER THE AUTHORITY OF SECTION 13352A7 OF THE VEHICLE CODE," and that it was revoking McDaniel's license under that section because he had suffered convictions for drunk driving in 1982, 1983, 1986, and 1987. The letter further informed McDaniel that it would not issue a new license "WITHOUT THE DRIVER SAFETY MANAGER'S APPROVAL, SUCCESSFUL PASSING OF A DRIVE TEST, AND COMPLETION OF AN ALCOHOL/DRUG REHABILITATION PROGRAM."

On July 6, 1990, more than one year before McDaniel became eligible for reinstatement, the DMV sent him a letter "TO REMIND" him of the conditions that he had to satisfy before it would reissue a license. The letter began

---

[1] All further statutory references are to the Vehicle Code unless otherwise indicated.

by noting that the DMV had revoked his license "UNDER THE AUTHORITY OF VEHICLE CODE SECTION 13352A7," and that he would be eligible for reinstatement on or after October 13, 1991. It stated that the DMV would not reissue a license until McDaniel provided "PROOF OF SUCCESSFUL COMPLETION OF A TWELVE MONTH OR THIRTY MONTH ALCOHOL/DRUG REHABILITATION PROGRAM, AS SPECIFIED BY THE COURT THAT RENDERED THE MOST RECENT CONVICTION." The letter further stated that "THE PROGRAM MUST BE LICENSED BY THE DEPARTMENT OF ALCOHOL AND DRUG PROGRAMS, STATE OF CALIFORNIA."

After October 13, 1991, McDaniel applied for reinstatement of his license. The DMV denied the application on the ground that he had failed to complete a one-year program in accordance with section 13352, subdivision (a)(7). In 1987, when the DMV revoked McDaniel's license, that section required "completion of a one-year program approved pursuant to Chapter 9 (commencing with Section 11837) of Part 2 of Division 10.5 of the Health and Safety Code."

McDaniel then filed a petition for writ of mandate, in which he sought an order directing the DMV to reinstate his license. In his petition, he stated that he had attended the Golden Gate Residential Alcohol Treatment Program, but conceded that this was "not a program approved pursuant to the standards referred to in Vehicle Code section 13352(a)(7)" and that he had "not completed a one-year program which is in fact approved pursuant to the standards referred to in section 13352(a)(7)." He argued, however, that he "should not be subject to the requirement that the program . . . be . . . approved pursuant to those standards" because, contrary to the requirements of section 13352, subdivision (a)(7), the criminal court that sentenced him after his fourth drunk driving conviction did not inform him that completion of a one-year approved program was necessary. The court granted the petition, and ordered the DMV to "accept and consider . . . McDaniel's application for reinstatement of his driving license conditioned only upon proof of enrollment in a program approved pursuant to Chapter 9 (commencing with Section 11837) of Part 2 of Division 10.5 of the Health and Safety Code."

The DMV then filed this timely appeal. McDaniel has filed no opposition.

## DISCUSSION

At issue in this appeal is the trial court's application of section 13352, subdivision (a)(7). In 1987, when McDaniel suffered his fourth conviction for drunk driving, that section provided in part: "Upon a conviction or finding of a violation of Section 23152 punishable under Section

23175, the privilege [to operate a motor vehicle] shall be revoked for a period of four years. The privilege shall not be reinstated until evidence satisfactory to the [DMV] establishes that no grounds exist which would authorize the refusal to issue a license and until the person gives proof of ability to respond in damages as defined in Section 16430 and gives proof satisfactory to the [DMV] of successful completion of a one-year program approved pursuant to Chapter 9 (commencing with Section 11837) of Part 2 of Division 10.5 of the Health and Safety Code. The court shall advise the person at the time of sentencing that completion of a one-year program is required in order to become eligible for a California driver's license. . . ." (Stats. 1985, ch. 1339, § 1, p. 4730.)

We find that the trial court erred in granting the petition because we agree with the DMV that section 13352, subdivision (a)(7), imposed a mandatory duty on the DMV to revoke McDaniel's license for four years and not to reinstate it until, among other requirements, he completed an approved program. For purposes of applying the Vehicle Code, " '[s]hall' " is mandatory. (§ 15; *Hough* v. *McCarthy* (1960) 54 Cal.2d 273, 279 [5 Cal.Rptr. 668, 353 P.2d 276].) Thus, section 13352, subdivision (a)(7), which declares that the license of a four-time offender "shall be revoked" for four years and "shall not be reinstated" without proof of completion of an approved program, "is mandatory with respect to the specific situations there referred to." (*Hough, supra,* at p. 279.)

The failure of the criminal court that sentenced McDaniel after his fourth drunk driving conviction to inform him that he had to complete an approved program does not alter the DMV's mandatory duty. ■ "Both the court in which a person is convicted of driving while under the influence of intoxicating liquor and the [DMV] have statutory powers with respect to suspension [or revocation] of the operator's license of the person convicted." (*Hough* v. *McCarthy, supra,* 54 Cal.2d at p. 278.) As we explained in *Robertson* v. *Department of Motor Vehicles* (1992) 7 Cal.App.4th 938, 947 [9 Cal.Rptr.2d 319], the legislative scheme "contemplate[s] two processes— one involving court proceedings and criminal in nature, the other involving administrative proceedings and civil in nature; and . . . these processes are, for the most part, intended to operate independently of each other and to provide for different dispositions." ■ Thus, we find that the Legislature's imposition of a duty on the sentencing court to inform McDaniel of the requirement that he complete an approved program does not affect the DMV's mandatory duty not to reinstate his license without proof that he completed an approved program.

Supporting our conclusion is the decision in *Corley* v. *Department of Motor Vehicles* (1990) 222 Cal.App.3d 72 [271 Cal.Rptr. 406]. There, after a

plea of nolo contendere to a charge of drunk driving and pursuant to a plea bargain, Corley received probation and a 90-day restriction on his license. (*Id.,* at p. 74.) The DMV subsequently suspended Corley's driving privilege under section 13352, subdivision (a)(3), because the conviction was his second. (*Corley, supra,* at p. 75.) By petition for writ of mandate, Corley sought to prevent the suspension on the ground that the sentencing court failed to advise him of the consequences of his bargained-for plea to a second drunk driving conviction. (*Ibid.*) The appellate court agreed that the sentencing court had a duty to advise Corley that a second drunk driving conviction would result in suspension of his license under section 13352. (*Corley, supra,* at p. 76.) Nevertheless, it upheld the suspension, reasoning that the DMV had not participated in the plea negotiations, that the DMV's suspension constituted a separate administrative remedy that the Legislature had devised in light of compelling public policy considerations, and that the DMV's duty to suspend Corley's license was mandatory. (*Id.,* at pp. 77-79.)

Similarly, we find that the court's failure during sentencing to give the advisement that section 13352, subdivision (a)(7), required does not affect the DMV's mandatory duty not to reinstate McDaniel's license without proof that he completed an approved program. (See also *Pollack* v. *Department of Motor Vehicles* (1985) 38 Cal.3d 367, 371-377 [211 Cal.Rptr. 748, 696 P.2d 141] [DMV must suspend license of a twice convicted drunk driving offender notwithstanding prosecution's failure to plead or prove the first conviction in the second criminal proceeding]; *Cook* v. *Bright* (1962) 208 Cal.App.2d 98, 99-102 [25 Cal.Rptr. 116] [revocation proper notwithstanding prosecution's failure to charge prior conviction and sentencing court's statement that defendant may retain his license].)

The judgment is reversed and the superior court is directed to enter an order denying the petition for writ of mandate. McDaniel shall pay the DMV's costs on appeal.

Merrill, Acting P. J., and Werdegar, J., concurred.