Filed 3/20/14  P. v. Campbell CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D063353 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD240486) |
| CHRISTOPHER CAMPBELL, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Eugenia Eyherabide, Judge.  Affirmed.

Janice R. Mazur, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and Heather M. Clark, Deputy Attorneys General, for Plaintiff and Respondent.

Christopher Campbell pleaded guilty to assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1)),[1] admitted the weapon used to commit the assault was a vehicle (Veh. Code, § 13351.5) and admitted one prior serious/violent felony conviction (§ 667, subds. (b)-(i)). One month later, Campbell filed a motion to withdraw his guilty plea, contending the court and trial counsel did not properly advise him that a direct and substantial consequence of pleading guilty was a lifetime revocation of his driver's license. In addition, he contended his attorney pressured him to enter the plea and did not mark on the plea form that his driver's license would be revoked for life as a result of his plea. The court denied the motion.

On appeal, Campbell contends the court prejudicially erred by denying his motion to withdraw his guilty plea because his plea was not entered knowingly, intelligently or voluntarily. The court neither advised him that loss of driving privileges was a direct and significant lifelong consequence of his plea nor corrected trial counsel's error in omitting it from the list of consequences on the plea agreement form. We affirm the order denying Campbell's motion.

## FACTUAL AND PROCEDURAL BACKGROUND

In March 2012, Jade Howard looked out her window and saw Campbell and another man back a white truck into her driveway. The men took appliances from the

---

[1]    Statutory references are to the Penal Code unless otherwise specified.

side yard of Howard's home and began loading them onto the truck.[2]  Howard inquired as to whether the men had permission to take the items, and Campbell replied that "Mrs. Walker" had told them they could.[3]  After Howard called her mother to confirm the men did not have permission to take the appliances, she instructed the men to put the items back, to which Campbell replied, "My bad.  I'll put them back."

A short time later, Howard observed through her window that the men placed only one appliance back in her driveway and were quickly strapping the remaining appliances in the back of the truck.  Howard walked outside and stood in front of the truck, again instructing the men to put the remaining appliances back.  Campbell and the other man quickly got into the truck, with Campbell entering the driver's side of the vehicle.  Campbell then started the truck and immediately drove toward Howard to leave.  Although Howard attempted to step backward, Campbell quickly turned the truck and hit Howard, knocking her to the ground and injuring her wrist.  Campbell sped away from the home and later turned himself in at a police substation.

In June 2012, Campbell pleaded guilty to assault with a deadly weapon in violation of section 245, subdivision (a)(1).  He further admitted that the weapon used to commit the offense was a vehicle as provided in Vehicle Code section 13351.5 and that he had one prior serious/violent felony conviction.  The plea agreement provided

---

[2]    Campbell contends he was "scrapping" by going to homes and asking homeowners for recyclables.  He alleges that he attempted to contact Howard, and when she did not answer the door, he took it upon himself to take the appliances.

[3]    At the preliminary hearing, Howard testified that she does not know anyone named "Mrs. Walker."

Campbell would serve a stipulated sentence of six years to run concurrently with a probation/parole violation of two years. The record shows the court advised Campbell of his constitutional rights and of the consequences of pleading guilty, and found that he understood and voluntarily and intelligently waived those rights and made his plea and admissions voluntarily with an understanding of the consequences.

At the sentencing hearing in July 2012, the court granted Campbell's request for a *Marsden*[4] hearing. The court determined Campbell was requesting to withdraw his guilty plea and was seeking new counsel. In September 2012, Campbell filed a motion under section 1018 to withdraw his guilty plea, stating he was not advised of the consequence of permanently losing his driver's license. At the evidentiary hearing on the motion in November 2012, the court heard testimony from Campbell and his trial counsel on the matter. The trial court denied Campbell's motion, finding Campbell had been advised by his trial counsel of the permanent loss of his driving privileges. Campbell timely filed a notice of appeal.

DISCUSSION

A. *Standard of Review*

In reviewing a denial of a motion to withdraw a guilty plea, we apply an abuse of discretion standard. (*People v. Fairbank* (1997) 16 Cal.4th 1223, 1254.) " 'Discretion is abused whenever, in its exercise, the court exceeds the bounds of reason, all of the circumstances before it being considered. The burden is on the party complaining to

---

4       *People v. Marsden* (1970) 2 Cal.3d 118.

4

establish an abuse of discretion, and unless a clear case of abuse is shown and unless there has been a miscarriage of justice[,] a reviewing court will not substitute its opinion and thereby divest the trial court of its discretionary power.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 566.)

B. *Denial of Motion to Withdraw Guilty Plea*

Campbell contends the court erred in denying his motion to withdraw his guilty plea because the court was obligated to advise him about the permanent loss of his driving privilege, a direct and significant consequence of his plea. In addition, he contends the court erred because it did not correct the plea form's omission of permanent loss of driving privileges as a consequence of the plea.

1. *Guiding Principles*

The sentence in this case was imposed pursuant to section 245, subdivision (a)(1), and Vehicle Code section 13351.5. In addition to setting the term of imprisonment at "two, three, or four years" in state prison, Vehicle Code section 13351.5 provides that if a person has been convicted of a felony in violation of section 245 "and that a vehicle was found by the court to constitute the deadly weapon or instrument used to commit that offense, the department immediately shall revoke the privilege of that person to drive a motor vehicle."

Courts may permit withdrawal of a guilty plea on a showing of good cause, which should be "liberally construed to . . . promote justice." (§ 1018.) Good cause can be established when a plea was entered as a result of "[m]istake, ignorance or any other

5

factor overcoming the exercise of free judgment . . . ."  (*People v. Cruz* (1974) 12 Cal.3d 562, 566.)  To justify withdrawal of a guilty plea, the defendant has the burden to show, by clear and convincing evidence, that good cause exists.  (*People v. Wharton* (1991) 53 Cal.3d 522, 585; *People v. Nance* (1991) 1 Cal.App.4th 1453, 1457.)

In all guilty plea and submission cases, the trial court must first, before accepting a plea of guilty, advise the defendant of all direct consequences of the conviction.  (*Bunnell v. Superior Court* (1975) 13 Cal.3d 592, 605.)  "A consequence is deemed to be 'direct' if it has ' " 'a definite, immediate and largely automatic effect on the range of the defendant's punishment' " ' " that stems directly from the criminal conviction itself.  (*People v. Moore* (1998) 69 Cal.App.4th 626, 630, citing *Torrey v. Estelle* (9th Cir. 1988) 842 F.2d 234, 236.)  The mandatory revocation or suspension of driving privileges is one such direct consequence.  (See *Corley v. Department of Motor Vehicles* (1990) 222 Cal.App.3d 72, 76 [noting suspension of driver's license under Vehicle Code section 13352 is a direct consequence of guilty plea requiring advisement]; *People v. Dakin* (1988) 200 Cal.App.3d 1026, 1033 [same].)

However, "the rule compelling an admonishment of the consequences of an admission which may subject the defendant to severe sanctions is a judicially declared rule of criminal procedure.  [(*In re Yurko* (1974) 10 Cal.3d 857, 864.)]"  (*People v. Wright* (1987) 43 Cal.3d 487, 495; see *Bunnell v. Superior Court*, *supra*, 13 Cal.3d at p. 605.)  "Because these advisements are not constitutionally compelled, their omission

does not require reversal unless the error is prejudicial to the accused." (*People v. Dakin, supra,* 200 Cal.App.3d at p. 1033.)

2. *Analysis*

At the hearing on his motion to withdraw his guilty plea, Campbell and his trial counsel testified. Campbell testified his trial counsel did not explain the maximum possible penalty he could receive, that he would be waiving his constitutional rights, and did not go through the plea form with him; the "only reason" he entered a guilty plea was because his trial counsel told him he was facing a possible sentence of 25 years to life.

Campbell's trial counsel testified that he discussed with Campbell the possible consequences of not accepting the plea deal, the rights Campbell would waive by pleading guilty, and specifically that it was likely his driver's license would be revoked for the rest of his life. Trial counsel testified that Campbell never expressed a lack of understanding or hesitation when entering into the plea on the record. When the court questioned trial counsel regarding why he neglected to circle on the plea form the permanent loss of driver's license as a potential consequence of the plea, he stated that he was more concerned with Campbell's "status as a three-striker and his consequences of 25 to life" along with the possibility of an additional robbery charge and other enhancements that would have resulted in not only the loss of Campbell's driver's license, but the "loss of his freedom for the rest of his life."

After considering the testimony of Campbell and his trial counsel, the court ruled as follows:

7

"[The] Court finds [counsel's] testimony to be quite credible in that he believes specifically discussing [the loss of driving privileges] with you [i.e., Campbell, and] that he went over that particular consequence. And that although that particular circle was left off the Change of Plea form, he had indicated that he was more concerned with getting you the offer that he got you versus, perhaps, overlooking checking all of the potential consequences of the plea. But in light of his testimony . . . the Court finds [counsel] to be quite credible. [¶] [T]he Court finds [trial counsel's] testimony to be credible, believes you were, in fact, advised of that consequence, and therefore the Court is going to deny your motion to withdraw your plea."

Here, the record shows the court determined trial counsel's testimony was "quite credible" that counsel specifically discussed with Campbell the lifetime revocation of his driving privileges before Campbell entered his guilty plea. We have no basis to disturb this finding on appeal. (See *People v. Fairbank*, *supra*, 16 Cal.4th at p. 1254 [noting that on appeal, "a reviewing court must adopt the trial court's factual findings if substantial evidence supports them"]; see also *People v. Quesada* (1991) 230 Cal.App.3d 525, 533 [same].)

Campbell also contends the trial court was itself obligated to inform him of the direct consequences of his guilty plea. However, as noted, there is no constitutional requirement that defendants be advised of the direct consequences of a guilty plea. (See *People v. Walker* (1991) 54 Cal.3d 1013, 1022, overruled on other grounds in *People v. Villalobos* (2012) 54 Cal.4th 177, 183.)

Because the failure to advise a defendant of the direct consequences of a plea does not constitute constitutional error, we conclude the court did not err when it denied Campbell's motion to withdraw his guilty plea. Despite Campbell's testimony that he was

8

never informed about the driver's license consequences of his plea, the record shows the trial court fulfilled its duty by specifically admonishing him about the constitutional rights he was giving up and making a determination as to whether his guilty plea was entered into knowingly, intelligently and voluntarily. Moreover, the record shows Campbell also indicated that he understood the contents and consequences contained in the change of plea forms and that he had ample time to go over the change of plea forms with trial counsel, who, as noted, advised Campbell he could permanently lose his driver's license as a result of the plea. We conclude the court did not err when it did not expressly advise Campbell at the time of accepting his plea that he could permanently lose his driver's license as a result of the plea.

Campbell further contends his guilty plea was the product of undue pressure from trial counsel, who did not give him sufficient time to discuss the options available to him. However, Campbell's direct testimony at the change of plea hearing explicitly refutes this contention. The record shows he testified at the hearing that he had ample time to go over the change of plea forms with his counsel and that he understood the constitutional rights he was giving up by pleading guilty. Apart from Campbell's own statements, there is no evidence in the record of any alleged undue pressure from trial counsel to accept the plea.

The evidence Campbell presented did not clearly and convincingly establish the good cause necessary for withdrawal of his guilty plea. Given the court's finding supported by substantial evidence in the record that his trial counsel did in fact advise

9

him of the potential to permanently lose his driving privilege, we conclude the court properly exercised its discretion in denying Campbell's motion to withdraw the guilty plea.

Finally, even assuming the trial court erred in denying Campbell's motion to withdraw his guilty plea, we conclude that error was harmless. Because trial courts are not constitutionally required to advise criminal defendants of the direct consequences of pleading guilty, a criminal defendant is entitled to have the guilty plea set aside "*only if the error is prejudicial to the accused.*" (*In re Ronald E.* (1977) 19 Cal.3d 315, 321, italics added.) To establish prejudice, a defendant must demonstrate it is reasonably probable that he or she would not have entered the plea if not for the error. (*People v. Walker, supra,* 54 Cal.3d. at p. 1023; see also *People v. Watson* (1956) 46 Cal.2d 818, 837 [holding that regardless of the court's error in permitting certain cross-examination of defendant, "it is not reasonably probable that a result more favorable to defendant would have been reached"].)

Here, as noted by his trial counsel, Campbell faced a substantial sentence if he did not plead guilty and was convicted as charged, and his argument that he would not have pleaded guilty had he been advised specifically by the trial court of the permanent loss of his driver's license is not persuasive. Campbell faced at least 25 years to life in prison as a third-strike offender for assault using a vehicle as a deadly weapon. In addition, he faced the possibility of an additional charge for robbery and two other enhancements that would increase his term by 10 years, for a total of 35 years minimum. However, under

the plea agreement he admitted to only one prior serious/violent felony conviction, received a stipulated term of six years in prison to run concurrently with any probation or parole violation, and the prosecution agreed to drop the additional robbery charge.[5]

Because his trial counsel did inform him of the lifetime license revocation in addition to the substantial sentence Campbell faced if he did not accept the plea agreement, it is unlikely that the court's reiteration of trial counsel's advice regarding the permanent loss of driving privileges would have influenced his decision to plead guilty. We conclude that even if the court erred in not *also* advising Campbell he could permanently lose his driver's license if he pleaded guilty, that error was harmless.   (See *People v. Watson*, *supra*, 46 Cal.2d at p. 837.)

## ABSTRACT OF JUDGMENT

Campbell contends, and the People agree, that the abstract of judgment in this case incorrectly provides the two-year sentence following probation revocation in Case No. SCE313895 shall run consecutively to the six-year sentence in this case.  Those two sentences were set by the trial court to run concurrently.  Therefore, the abstract of judgment must be corrected.

---

[5]    The trial court denied probation and sentenced Campbell to the middle term of three years under section 245, doubled to six years because of the admitted prior serious/violent felony conviction.

## DISPOSITION

The order is affirmed. The matter is remanded to the trial court to correct the abstract of judgment as set forth in this opinion and to forward a copy of the correct abstract of judgment to the Department of Corrections and Rehabilitation.


McDONALD, J.

WE CONCUR:


HUFFMAN, Acting P. J.


O'ROURKE, J.