Filed 12/9/14  P. v. Tuerlings CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# COPY

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>PAUL MAURICE TUERLINGS,<br><br>    Defendant and Appellant. | C076128<br><br>(Super. Ct. No. NCR86686) |

Defendant Paul Maurice Tuerlings entered a negotiated plea of guilty to one count of felony driving under the influence (Veh. Code, §§ 23152, subd. (a), 23550, 23550.5; unless otherwise stated, statutory references that follow are to the Vehicle Code), one count of driving with a suspended license (§ 14601.2, subd. (a)), and one count of fleeing the scene of an accident (§ 20002, subd. (a)).  He admitted a prior felony conviction for driving under the influence (§ 23152, subd. (b)) and was sentenced to an aggravated term of three years in state prison.

At sentencing, the trial court declared defendant a habitual traffic offender and exercised its discretion to revoke his driver's license for 10 years pursuant to

section 23597. On appeal, defendant argues that the trial court's revocation order was unauthorized and exceeded the terms of the parties' plea agreement. Finding no error, we affirm the judgment.

FACTS AND PROCEEDINGS

On April 5, 2013, several witnesses observed defendant "staggering" and "drunk" in his apartment complex. He got into his car and attempted to pull into a nearby parking lot, striking a fence in the process. Defendant left his car and was found seated near some bushes a couple of blocks away. He smelled of alcohol and admitted he had been drinking, but insisted he did not drink until after the accident.

On June 12, 2013, defendant was charged with four counts as follows: driving under the influence (§ 23152, subd. (a) -- count 1); driving while having a blood-alcohol content of 0.08 percent or higher (§ 23152, subd. (b) -- count 2); driving with a suspended license (§ 14601.2, subd. (a) -- count 3); and hit and run driving (§ 20002, subd. (a) -- count 4). With respect to counts 1 and 2, the People alleged that defendant had previously been convicted of four alcohol related driving violations, including a prior felony conviction for driving under the influence of an alcoholic beverage causing injury. (§§ 23152, subd. (b), 23153, subd. (a), 23550.5.) With respect to counts 1 and 2, the People further alleged that defendant had previously served a term in state prison and had not remained free of prison custody and the commission of a new felony for five years. (Pen. Code, § 667.5, subd. (b).) With respect to count 1, the People also alleged that defendant's blood-alcohol content was 0.15 percent or more. (§ 23578.)

On January 13, 2014, the parties entered into a plea agreement, the terms of which were memorialized in a "DUI Advisement of Rights, Waiver, and Plea Form" (DUI Advisement) and "Plea Form with Explanations and Waiver of Rights--Felony" (Plea Form). These two forms will be referred to hereafter collectively as the "plea agreement."

2

Under the plea agreement, defendant pleaded guilty to counts 1, 3, and 4 and admitted a prior felony conviction for an alcohol related driving offense. Defendant also admitted to having a blood-alcohol content of 0.15 percent or above. (§ 23550.5.) The remaining count and enhancements were dismissed. The parties agreed that defendant would serve "not less than 16 [months] nor more than [three] years" in state prison.

With respect to defendant's driving privileges, the DUI Advisement stated: "I understand that the DMV will revoke my driver's license for a period of 4 years if I have a prior felony conviction in the past 10 years of Vehicle Code § 23152, 23153, or Penal Code § 191.5, 192(c)(1) or 192(c)(3)." Similarly, the Plea Form stated: "I understand that my privilege to drive a motor vehicle may be revoked or suspended by the court or the California Department of Motor Vehicles and my vehicle may be ordered forfeited if it was involved in the offense." Defendant initialed the appropriate spaces on both forms, indicating he understood that his driver's license could be suspended or revoked by the Department of Motor Vehicles (DMV) or the court.

Defendant appeared for sentencing on February 18, 2014. After considering the probation officer's report and defendant's "previous record," which included "30 misdemeanor convictions and five felonies, four of which are previous felony DUI's," the trial court sentenced defendant to an aggravated term of three years in state prison, stating: "Mr. Tuerlings, I don't know what the deal is with you and alcohol, but you are going to end up killing yourself or somebody else. And, at least during the time that you're incarcerated, I would hope that you think about the issues that you're facing and take advantage of whatever programs you can go ahead and be in while you're incarcerated and make use of your time, sir. Because, quite frankly, I just can't see any other result here if you continue down this path and that is just unacceptable." The trial court then declared defendant a habitual traffic offender and revoked his driver's license for 10 years pursuant to section 23597, which authorizes the trial court to revoke and

3

"order a 10-year revocation of the driver's license of a person who has been convicted of three or more separate violations of Section 23152 or 23153 . . . ."  (§ 23597.)

Defendant filed a timely notice of appeal and obtained a certificate of probable cause.

DISCUSSION

I

*Section 23597 Did Not Require Proof of Defendant's Prior DUI Convictions*

Defendant contends the trial court's order revoking his driver's license for 10 years was unauthorized because he only admitted two separate violations of section 23152, not the "three or more separate violations" required by section 23597.  According to defendant, prior violations "must be proved beyond a reasonable doubt or admitted by the defendant."  In the absence of such proof, defendant contends, "the court was not authorized to revoke [his] license for ten years under section 23597."  The People, for their part, argue that "nothing in the language of section 23597 requires the prosecution to plead and prove or the defendant to admit that he or she has been convicted of three or more separate violations of Section[s] 23152 or 23153."

Section 23597 provides in pertinent part:  "Notwithstanding Sections 13202.5, 13203, and 13352, a court may order a 10-year revocation of the driver's license of a person who has been convicted of three or more separate violations of Section 23152 or 23153, the last of which is punishable under Section 23546, 23550, 23550.5 or 23566." (§ 23597.)  Section 23597 was signed into law in 2010 and became operative on January 1, 2012.  (Stats. 2010, ch. 301, § 8, eff. Jan. 1, 2011, operative Jan. 1, 2012.)

Section 23597 does not expressly require pleading and proof of separate violations.  (See generally *In re Varnell* (2003) 30 Cal.4th 1132, 1141 [" 'when a pleading and proof requirement is intended, the Legislature knows how to specify the requirement' "].)  Nevertheless, defendant claims that section 23597 establishes a

4

"sentencing enhancement[]" which requires proof of separate violations beyond a reasonable doubt.

"By definition, a sentence enhancement is 'an additional term of imprisonment added to the base term.' " (*Robert L. v. Superior Court* (2003) 30 Cal.4th 894, 898, quoting Cal. Rules of Court, rule 4.405(c).)  Section 23597 does not add an additional term of imprisonment to the base term.  Thus, section 23597 cannot be characterized as a sentence enhancement and defendant's reliance on cases interpreting section 23550 (which is a sentence enhancement) is misplaced.

Defendant relies on *People v. Coronado* (1995) 12 Cal.4th 145, 152, fn. 5 (*Coronado*) and *People v. Bowen* (1992) 11 Cal.App.4th 102, 105-106 (*Bowen*) for the proposition that section 23597 is a sentence enhancement.  However, *Coronado* and *Bowen* both deal with former section 23175 (subsequently renumbered as section 23550), not section 23597.  Unlike section 23597, section 23550 adds an additional term of imprisonment to the base term for recidivist offenders, and therefore meets the definition of a "sentence enhancement[]."  (§ 23550.)

Defendant also relies on *People v. Self* (2012) 204 Cal.App.4th 1054, 1059 (*Self*) and *People v. Casillas* (2001) 92 Cal.App.4th 171, 175 (*Casillas*) for the proposition that section 23597 requires proof of separate violations of sections 23152 and 23153. However, *Self* and *Casillas* also deal with section 23550.  As noted, section 23550 increases the sentence for recidivist DUI offenders.  As we shall discuss, formal pleading and proof are required for facts that increase the sentence for an offense.  Unlike section 23550, section 23597 does not increase the sentence for recidivist offenders.  Therefore, formal pleading and proof of separate violations is not required.

Although neither party addresses the issue, our Supreme Court recently clarified the standards for implying a pleading and proof requirement in *People v. Lara* (2012) 54 Cal.4th 896 (*Lara*).  In *Lara*, the court explained that formal pleading and proof are required "only as to facts that define the permissible range of sentencing for an offense

by increasing the sentence, prescribing a minimum term, or entirely precluding probation." (*Id.* at p. 906.) Applying this rule of law, the court refused to recognize an implied pleading and proof requirement for facts used to limit conduct credits. (*Id.* at pp. 903-906.) While acknowledging that "a person who is released a day early [because of conduct credits] is punished a day less," the court nonetheless held that "the conclusion that credit-limiting facts must formally be pled and proved does not follow." (*Id.* at pp. 905-906; see also *People v. Griffis* (2013) 212 Cal.App.4th 956, 963-964 [applying *Lara* to conclude that formal pleading and proof are not required for prior convictions used to disqualify a defendant from Realignment Act sentencing].)

Applying *Lara*, we conclude that section 23597 does not require formal proof of defendant's prior convictions. Under section 23597, separate violations of sections 23152 or 23153 do not increase an offender's sentence, prescribe a minimum term, or entirely preclude probation. (*Lara, supra*, 54 Cal.4th at p. 906.) Instead, they merely authorize the trial court to revoke a recidivist offender's license. As defendant concedes, "the suspension or revocation of a driver's license is not a penal sanction." (See, e.g., *Larsen v. DMV* (1995) 12 Cal.4th 278, 286, fn. 6 ["the suspension or revocation of a driver's license generally has been viewed as a sanction that is 'civil' rather than penal"; see also *Baldwin v. Department of Motor Vehicles* (1995) 35 Cal.App.4th 1630, 1638-1642 [suspension of driving privilege upon conviction, pursuant to section 13352, is not solely retributive or deterrent in nature and does not violate the double jeopardy clause of the Fifth Amendment]; and see *Fearn v. Zolin* (1992) 9 Cal.App.4th 1756, 1761-1772 ["A license suspension is not among the punishments listed in Penal Code section 15 and thus is not a penal sanction . . . "].) Thus, section 23597 establishes a discretionary administrative sanction for recidivist offenders, not a criminal penalty.

Because section 23597 is not penal in nature, separate convictions of sections 23152 and 23153 cannot be characterized as "facts that define the permissible range of sentencing for an offense by increasing the sentence, prescribing a minimum term, or

6

entirely precluding probation" within the meaning of *Lara*. (*Lara*, *supra*, 54 Cal.4th at p. 906.) Accordingly, we conclude that formal proof of defendant's prior DUI convictions was not required.

Defendant also purports to find support for his challenge to the revocation order in *People v. Harper* (2000) 82 Cal.App.4th 1413 (*Harper*). In *Harper*, the defendant was convicted of assault with a semiautomatic firearm (Pen. Code, § 245, subd. (b)) and related crimes. The trial court sentenced the defendant to a term of 21 years and suspended his driver's license for five years. When the defendant asked the trial court what code section authorized the suspension order, the court replied, "Damn if I know. But it's suspended five years. Why don't you appeal that? Maybe I'm wrong." (*Harper,* at p. 1415-1417, 1420, fn. 5.)

On appeal, the defendant argued that "the trial court imposed an unauthorized sentence condition by ordering his driver's license suspended for five years, because no code provision permitted this condition." (*Harper, supra*, 82 Cal.App.4th at p. 1419.) The People conceded the issue, noting that "Vehicle Code sections 13200 through 13209 describe the complete range of situations in which an order of license suspension or revocation is permitted. None fit this case." (*Harper,* at p. 1420.) This court accepted the People's concession, and struck the suspension order. (*Ibid.*)

*Harper* does not help defendant. No code section authorized the suspension of defendant's license in *Harper*. By contrast, section 23597 expressly authorizes the trial court to "order a 10-year revocation of the driver's license of a person who has been convicted of three or more separate violations of Section 23152 or 23153, the last of which is punishable under Section 23546, 23550, 23550.5, or 23566." (§ 23597.) In this case, defendant's presentence report reflects three prior convictions pursuant to sections 23152 and 23153 and adequately establishes the factual basis for the trial court's order. Defendant did not dispute the accuracy of any of the information contained in the

presentence report, except to note that a recent conviction (in 2012) arose out of an earlier incident (in 2005), and was therefore less recent than it appeared.

Thus, the trial court's revocation order was authorized by section 23597, and defendant can draw no comfort from *Harper*.

II

*The Trial Court Did Not Breach the Plea Agreement*

Finally, defendant argues that the trial court violated the terms of the plea agreement by ordering the revocation of his driver's license for 10 years. According to defendant, "the plea bargain specifically provided that [defendant's] license would be revoked for four years, not ten. The court's deviation from the terms of the plea violated the plea agreement." The People counter that "there was no violation of the plea bargain as the period of revocation of [defendant's] driver's license was not a term of the plea bargain."

We note that defendant did not object to the revocation order at sentencing. However, the trial court did not admonish defendant in accordance with Penal Code section 1192.5, informing him of the right to withdraw a disapproved plea. Accordingly, defendant has not forfeited his claim that the revocation order exceeded the terms of the plea agreement. (*People v. Walker* (1991) 54 Cal.3d 1013, 1024-1026.)

"A negotiated plea agreement is a form of contract, and it is interpreted according to general contract principles. (*People v. Toscano* (2004) 124 Cal.App.4th 340, 344; *People v. Gipson* (2004) 117 Cal.App.4th 1065, 1069; *People v. Haney* (1989) 207 Cal.App.3d 1034, 1037; *People v. Alvarez* (1982) 127 Cal.App.3d 629, 633.) 'The fundamental goal of contractual interpretation is to give effect to the mutual intention of the parties. (Civ. Code, § 1636.) If contractual language is clear and explicit, it governs. (Civ. Code, § 1638.) On the other hand, "[i]f the terms of a promise are in any respect ambiguous or uncertain, it must be interpreted in the sense in which the promisor believed, at the time of making it, that the promisee understood it." (*Id*., § 1649; see *AIU*

8

[*Ins. Co. v. Superior Court* (1990) 51 Cal.3d 807,] 822.)' (*Bank of the West v. Superior Court* (1992) 2 Cal.4th 1254, 1264-1265.) 'The mutual intention to which the courts give effect is determined by objective manifestations of the parties' intent, including the words used in the agreement, as well as extrinsic evidence of such objective matters as the surrounding circumstances under which the parties negotiated or entered into the contract; the object, nature and subject matter of the contract; and the subsequent conduct of the parties. (Civ. Code, §§ 1635-1656; Code Civ. Proc., §§ 1859-1861, 1864; [citations].)' (*Morey v. Vannucci* (1998) 64 Cal.App.4th 904, 912; see also *People v. Toscano, supra*, at p. 345.)" (*People v. Shelton* (2006) 37 Cal.4th 759, 767.)

Here, the terms of the parties' plea agreement were memorialized in the DUI Advisement and Plea Form. Both forms were executed on the same day as part of the same general transaction. Accordingly, we interpret them together, with reference to one another and considering the transaction as a whole. (Civ. Code, § 1642 ["Several contracts relating to the same matters, between the same parties, and made as parts of substantially one transaction, are to be taken together"].)

As noted, the DUI Advisement states: "I understand that the DMV will revoke my driver's license for a period of 4 years if I have a prior felony conviction in the past 10 years of Vehicle Code [section] 23152, 23153, or Penal Code [section] 191.5, 192(c)(1) or 192(c)(3)." Relying on the DUI Advisement, defendant argues that "an express term of the plea agreement was that his license would be revoked for four years." However, the DUI Advisement describes a mandatory statutory consequence of defendant's guilty plea, not a negotiated term of the parties' agreement. (See generally § 13352, subd. (a)(7) [specifying that the license of a four-time offender "shall be revoked" for four years and "shall not be reinstated" unless certain conditions are met]; see also *McDaniel v. Department of Motor Vehicles* (1994) 22 Cal.App.4th 76, 80-81 [confirming that the DMV's statutory duty to revoke defendant's license pursuant to § 13352, subd. (a)(7) is mandatory].)

9

The Plea Form states: "I understand that my privilege to drive a motor vehicle may be revoked or suspended by the court or the California Department of Motor Vehicles and my vehicle may be ordered forfeited if it was involved in the offense."

"As a general rule, ' "all applicable laws in existence when an agreement is made, which laws the parties are presumed to know and to have had in mind, necessarily enter into the contract and form a part of it, without any stipulation to that effect, as if they were expressly referred to and incorporated." ' [Citation.]" (*Swenson v. File* (1970) 3 Cal.3d 389, 393.) Applying this rule, we conclude that the DUI Advisement and Plea Form, taken together, made clear the trial court's ability to revoke defendant's license for an indeterminate period of time and did not purport to limit or otherwise curtail that ability.

The trial court's revocation order was not expressly restricted by or necessarily inconsistent with the terms of the parties' plea agreement. To the contrary, the Plea Form expressly recognized that the trial court retained authority to revoke defendant's driver's license. Accordingly, we conclude that the trial court's revocation order did not violate the parties' plea agreement.

DISPOSITION

The judgment is affirmed.

          HULL          , J.

We concur:

      RAYE        , P. J.

      DUARTE     , J.